UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AUREA M. CALICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-0572 (RJL) |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

Plaintiff Aurea M. Calica filed this *pro se* complaint seeking to reverse the determination of the Commissioner of the Social Security Administration, who had denied her application for widow's benefits under the Social Security Act. The Commissioner has filed a motion to dismiss arguing that this claim is barred because it has already been litigated on the merits. Calica has filed an opposition. Because the claim has already been litigated on the merits and Calica is not entitled to relitigate her claim, the defendant's motion will be granted, and the suit will be dismissed.

### Background

Calica, a resident of the Philippines, filed an application for widow's benefits under the Social Security Act ("Act") that was initially denied, a decision she challenged by filing a civil action in 2005. That action ended in the matter being remanded to the agency for further development of the record and an analysis of whether Calica was a widow under the terms of the Act and in light of Philippine law. *See* Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss at 1;

*see also* Def.'s Mot. to Remand, Aug. 8, 2005, and Order, Aug. 9, 2005, Civil Action No. 05-444 (JDB) (D.D.C. 2005). After further developing the record and analyzing the claimant's status as a widow, the agency again denied her application. Under the law, Calica had until March 12, 2007, to timely file a civil action challenging the agency's denial, but she did not do so until April 17, 2007. The agency moved to dismiss the complaint because it was untimely filed and therefore this court lacked subject matter jurisdiction over the case under operation of 42 U.S.C. § 405(g) & (h). *See* Def.'s Mot. to Dismiss, Aug. 27, 2007, at 2, Civil Action No. 07-1062 (RJL) (D.D.C. 2007). Calica was advised to respond to the defendant's motion to dismiss by November 19, 2007, or "the Court will treat the motion as conceded and may dismiss the case." Order, Oct. 9, 2007, Civil Action No. 07-1062 (RJL). By January 22, 2008, Calica had not responded to the motion to dismiss. Accordingly, the court granted the motion to dismiss as conceded and dismissed the case.[1]

Calica then filed this civil action, again seeking to reverse the Commissioner's decision to deny her application for widow's benefits. The defendant filed a motion to dismiss, contending that the Order issued October 9, 2007, which granted the Commissioner's motion to dismiss in Civil Action 07-1062, bars this subsequent case. Calica filed an opposition, arguing that the mail is slow between the United States and the Philippines, and that her failure to meet the filing

---

[1] In fact, although not material to this decision, in July 2007, while her case was still active, Calica filed yet another action, Civil Action No. 07-1316, which the court dismissed *sua sponte* upon filing as duplicative. *See* Mem. Op. and Order, July 24, 2007, Civil Action No. 07-1316 (UNA) (D.D.C. 2007).

deadlines is excusable neglect. Pl.'s Opp'n at 1. She also contends that had counsel been appointed for her, the result would be different.[2] *Id.*

## Discussion

The law permits a civil plaintiff challenging the Commissioner's final decision action only if it is "commenced within sixty days after the mailing ... of notice of [the Commissioner's final] decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g). Review by this court outside of that time frame is expressly prohibited. "No findings of fact or decision of the Commissioner shall be reviewed by any ... tribunal ... except as herein provided." 42 U.S.C. § 405(h); *see also Weinberger v. Salfi*, 422 U.S. 749, 756-57 (1975) (holding that 42 U.S.C. § 405(h) precludes federal question jurisdiction under 28 U.S.C. § 1331). The notice of the Commissioner's final decision was mailed to Calica on October 30, 2006. *See* Decl. of Joan Devera, Aug. 6, 2007, ¶ 3(a), Civil Action No. 07-1062 (RJL). Her time to time a civil action was extended by the Commissioner at her request, and was effectively extended through March 12, 2007. *Id.* Thus, this action, received for filing more than a year later, on March 14, 2008, is barred for the same reason her suit filed in April 2007 was barred: it was filed after the extension permitted by the Commissioner had expired. Thus, this court does not have subject matter jurisdiction over this suit.

---

[2] In fact, Calica did not file a motion for appointment of counsel. Rather, she sent a letter request to the clerk of court, seeking appointed counsel *if* the court were to schedule a hearing. Her letter was returned, unfiled, with an explanation that if a hearing were scheduled, she would be given notice and could request counsel by motion at that point. *See* Pl.'s Opp'n, Ex. A. In any case, her belief that appointed counsel in this suit could have made a difference is misplaced, as her claim is barred because of events that occurred in the past, things that appointed counsel could not change.

The jurisprudential doctrine of *res judicata,* or claim preclusion, does not permit a party to relitigate claims that she has already had the opportunity to litigate. Under the doctrine of claim preclusion, "a judgment on the merits in a prior suit bars a second suit involving identical parties . . . based on the same cause of action." *Apotex Inc. v. FDA*, 393 F.3d 210, 217 (D.C. Cir. 2004); *see also Stanton v. District of Columbia Court of Appeals*, 127 F.3d 72, 78 (D.C. Cir. 1997) ("The general principle of claim preclusion is that a final, valid judgment on the merits precludes any further litigation between the same parties on the same cause of action."). Parties "may not relitigate any ground for relief which they already have had an opportunity to litigate — even if they chose not to exploit that opportunity" in the prior suit. *Page v. United States,* 729 F.2d 818, 820 (D.C. Cir.1984). Here, because Calica did not respond to the defendant's motion to dismiss in the suit she filed in April 2007, which was based on the same cause of action as is this suit, she was deemed to have conceded the matters raised in the defendant's motion to dismiss, and an order of dismissal was entered that was based on the merits of the case as reflected in the record. Calica is now barred by the doctrine of claim preclusion from relitigating her claim in this suit.

Any argument regarding slow mail or excusable neglect that Calica wanted to present should have been presented in her prior suit. In that case, Calica had an opportunity to make that argument, and she failed to seize that opportunity. The opportunity to make those arguments expired with, or shortly after, the dismissal order issued in January 2008 in Civil Action No. 07-1062. That argument is not pertinent to this case.

## Conclusion

This suit is barred for two reasons. First, this court does not have subject matter jurisdiction over this suit. Second, the suit is barred by the doctrine of claim preclusion. Accordingly, this case will be dismissed with prejudice for want of jurisdiction. A separate final order accompanies this memorandum opinion.

Date: 3/8/09

RICHARD J. LEON
United States District Judge